**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILIINOIS**

| | |
|---|---|
| HULETT GUILL, JR., on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br>     v.<br><br>ALLIANCE RESOURCE PARTNERS, L.P.; HAMILTON COUNTY COAL, LLC; and DOES 1-10, inclusive<br><br>     Defendants. | Case No.:  3:16-cv-00424<br><br>**CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

## INTRODUCTION

Defendants' purpose for submitting a supplemental memorandum is purportedly to inform the Court of "recent developments" that should influence the Court's ruling on Defendants' motion to dismiss. Supp. Mem. at 1. These developments, however, do not change the fact that each of the 182 employees experienced a permanent cessation of employment on February 5, 2016. Plaintiff addressed this argument in his response to Defendants' original motion filed in support of its motion to dismiss and incorporates those arguments into this brief.

Defendants' supplemental memorandum introduces no evidence relevant to the Court's decision and also seeks to introduce evidence from outside the pleadings. Defendants submit a compendium of news articles on the state of the coal industry that has no bearing on Plaintiff's claims as there is no exception to the WARN Act requirements for a "tsunami of unfortunate events that is crippling the coal industry." Supp. Mem. at 1. In addition, the self-serving declaration submitted by Defendants does not influence or change that Plaintiff and the class experienced an employment loss on February 5, 2016, and is tellingly bereft of important details surrounding Defendants' purported offers to rehire their former employees.

For the reasons already set forth in Plaintiff's opposition to Defendants' original brief, and for the reasons set forth below, Defendants' motion to dismiss Plaintiff's complaint should be denied.

## ARGUMENT

Defendants' rehiring of former employees has no bearing on Plaintiff's claims because Plaintiff is alleging a ***permanent cessation of the employment relationship*** occurred on February 5, 2016. Defendant introduces "evidence" by way of a self-serving declaration from the General Manager of Hamilton Coal regarding the number of former employees that have been hired again

1

by Defendants. ECF No. 21-2. Preliminarily, this declaration seeks to introduce evidence from outside Plaintiff's complaint and since it has no bearing on Plaintiff's claims, it should not be considered by the Court. *See, e.g.*, *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (observing the narrow exception to considering documents outside the pleadings is "aimed at cases interpreting, for example, a contract" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment."). Accepting the contents of the declaration at face value, it fails to meet the standard in the Seventh Circuit for considering documents attached to motions to dismiss, which must be "referred to in the plaintiff's complaint *and . . .* central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (emphasis in original). The content of the news articles and the declaration are not central to Plaintiff's claims and should not be considered by the Court.

Defendants' opening brief preemptively observed that Plaintiff would argue the layoff notice "or statements allegedly made by Hamilton Coal's general manager created an expectation by employees that their employment was permanently terminated . . ." ECF No. 21-1 at 4-5. Despite this foresight, Defendant's declarations ***from the general manager himself*** fail to address these statements made on February 5, 2016, the key date in this litigation. These statements go to the heart of Plaintiff's case, and include statements that any Hamilton Coal employee that is laid off will need to *apply and interview* for any open positions after being laid off. Compl. ¶ 18. The only assumption that can be made from this glaring omission is that these employees were required to submit applications and interview for any open positions after they were laid off, further buttressing Plaintiff's argument that all of the 182 employees were permanently laid off on February 5, 2016. Moreover, the declaration is also silent on the manner

in which these offers made. Despite Defendants' veneer of benevolence, it would come as no surprise for Plaintiff to learn that these positions opened on a rolling basis to ensure Defendants' rehired the minimum number of employees to avoid WARN Act liability. Plaintiff's argument, however, is that *all* employees were permanently laid off on February 5, 2016, rendering Defendants' calculations to avoid WARN Act liability meaningless.

In addition, Defendants' contention that the employees who "voluntarily decided not to return to work despite Hamilton Coal's offer" somehow demonstrates they did not experience an employment loss is misguided. Supp. Mem. at 3. If anything, this fact demonstrates that sixteen members of the putative class recognized they were permanently laid off by Hamilton Coal, were forced to find another job, and declined to submit an application and interview for an open position after being contacted by Defendants.

In sum, these misguided arguments and introduction of extrinsic sources of evidence by Defendants still fail to rebut Plaintiff's allegation that Defendants permanently ended the employment relationship with Plaintiff and the putative class on February 5, 2016. Given Defendants' propensity to attempt to convert this motion to dismiss into a motion for summary judgment without giving Plaintiff the opportunity to engage in discovery (and while simultaneously submitting self-serving a declaration by a key witness in this litigation), Plaintiff respectfully requests that the Court deny any further attempts by Defendants to do so. If Defendants have failed to convince the Court with the information provided to date (which Plaintiff believes to be the case), Defendants next attempt to dismiss this litigation should be on a motion for summary judgment at the conclusion of discovery.

## **CONCLUSION**

For the reasons set forth herein, and for the reasons identified in Plaintiff's response to Defendants' original motion to dismiss, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss Plaintiff's complaint.

Dated: August 15, 2016                    Respectfully Submitted,

By:    */s/ Emily J. Kirk*
       Emily J. Kirk
       Joseph G. Sauder*
       Matthew D. Schelkopf*
       Joseph B. Kenney*
       **MCCUNEWRIGHT LLP**
       1055 Westlakes Drive, Suite 300
       Berwyn, Pennsylvania 19312
       Telephone: (610) 200-0581
       E-mail: ejk@mccunewright.com
                jgs@mccunewright.com
                mds@mccunewright.com
                jbk@mccunewright.com

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the United States District Court, Southern District of Illinois, via the Court's CM/ECF filing system, which will send notification of such filing to counsel of record, on August 15, 2016.

*/s/ Emily J. Kirk*
Emily J. Kirk