IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HULETT GUILL, JR., individually and on behalf of all other similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-0424-NJR-DGW ) |
| ALLIANCE RESOURCE PARTNERS, L.P., HAMILTON COUNTY COAL, LLC, and DOES 1-10, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion to Intervene filed by Carl Leeper (Doc. 30) and a Motion to Dismiss filed by Defendants Alliance Resource Partners, L.P. and Hamilton County Coal, LLC (Doc. 21).

### BACKGROUND

Two lawsuits have been filed in this district asserting claims on behalf of a class against Defendants Alliance Resource Partners, L.P. ("Alliance"), Hamilton County Coal, LLC ("Hamilton"), and various John Does. The earlier-filed case, *Carl Leeper v. Alliance Resource Partners, L.P., et al.*, Case No. 16-cv-250 ("*Leeper* case") was filed on March 8, 2016. This case was originally assigned to United States District Judge J. Phil Gilbert, and then immediately reassigned to the undersigned. Thirty-seven days later, *Hulett Guill, Jr. v. Alliance Resource Partners, L.P., et al.*, Case No. 16-cv-424 ("*Guill* case") was filed in this district and automatically assigned to United States District Judge Staci

M. Yandle. The undersigned accepted transfer of the *Guill* case as related to the *Leeper* case, as both cases assert claims based on violations of the federal Worker Adjustment and Retraining Notification Act ("WARN Act"). Specifically, both cases allege that Defendants' failure to provide 60-day advance notice of the termination of nearly 200 employees at Hamilton County Coal Mine #1 on February 6, 2016 violated the WARN Act.

On June 27, 2016, motions to dismiss were filed by Defendants Hamilton and Alliance in both cases, arguing that Defendants' employment action did not constitute a termination under § 2101(a)(6)(A) of the WARN Act. The motions alternatively requested a stay of proceedings through August 1, 2016, which the Court granted in both cases. In the *Leeper* case, once the briefing was supplemented and completed, Leeper filed an Amended Complaint which rendered the original Motion to Dismiss filed in Case No. 16-cv-250-NJR-DGW moot. The Amended Complaint proposes an alternative theory (in addition to the claim that employees were "terminated" under 29 U.S.C. § 2101(a)(6)(A)), that the putative class experienced a "reduction in hours" under 29 U.S.C. § 2101(a)(6)(C)). Defendants Hamilton and Alliance followed up with a Motion to Dismiss the Amended Complaint in January 2017. The briefing on that motion is now complete. In the *Guill* case, however, the briefing on the original Motion to Dismiss completed, and Plaintiff Guill did not file an amended complaint. Thus, motions to dismiss remain pending in both cases. On February 10, 2017, Leeper sought to intervene in the *Guill* case in order to request dismissal or a stay of the *Guill* case.

ANALYSIS

Leeper seeks to intervene in the *Guill* case "for purposes of seeking dismissal or a stay of this later action, based on the Seventh Circuit's adherence to the 'first-to-file' rule" (*See* Doc. 30 in Case No. 16-cv-424-NJR-DGW). Leeper argues that his intervention is proper as a matter of right under Federal Rule 24(a) or via permission intervention under Rule 24(b). Leeper requests leave to intervene in order to file a motion to dismiss or stay, a copy of which he attached to the motion.

The first-to-file rule provides that a district court may, for purposes of judicial administration, dismiss or stay a suit "when it is duplicative of a parallel action that is already pending in another federal court." *Great West Casualty Company v. Ross Wilson Trucking*, No. 3:16-cv-03253, 2017 WL 707484, at *4 (C.D. Ill. Feb. 22, 2017) (citing *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Cases are considered duplicative where "there are no significant differences between the claims, parties, and available relief." *Serlin*, 3 F.3d at 224.

The Seventh Circuit Court of Appeals does not rigidly adhere to the first-to-file rule. *See Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 980 (7th Cir. 2010); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Rather, the first-to-file rule is viewed in this circuit "as a question of comity over which the district court enjoys a great deal of discretion." *Askin v. Quaker Oats Co.*, No. 11 C 111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012) (citing *Research Automation, Inc.*, 626 F.3d at 980-81)). It is part of a district court's "inherent power to administer their dockets so as to conserve scarce judicial resources" by avoiding duplicative litigation. *Trippe Mfg.*

*Co.*, 46 F.3d at 629. The Seventh Circuit has cautioned that "[n]o rule *requires* that district courts dismiss duplicative lawsuits, and we have sometimes suggested that district courts should stay a second lawsuit pending the outcome of an earlier-filed lawsuit addressing the same issues." *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011).

Here, the two actions are obviously pending within the same district and before the same judge, as both cases are now pending before the undersigned. Plaintiff Guill argues that, under this scenario, the first-to-file rule does not apply. Some courts have applied the first-to-file rule notwithstanding the fact that two actions had both been filed in the same district. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (the first-to-file rule "applies where related cases are pending before two judges in the same district . . . ."); *Chapa v. Mitchell*, No. A-05-CV-769-JN, 2005 WL 2978396, at *n. 1 (W.D. Tex. Nov. 4, 2005) (applying first-to-file rule to actions pending in same district court). Other courts have observed, however, that application of the first-to-file rule is not appropriate where the actions are pending before the same judge. *See Jones v. Singing River Health Servs. Found.*, Nos. 1:14CV447-LG-RHW, 1:15CV1-LG-RHW, 1:15CV44-LG-RHW, 2015 WL 12672726, at *3 (S.D. Miss. June 5, 2015); *see also Sheehy v. Santa Clara Valley Transp. Auth.*, No. 5:14-cv-01325-PSG, 2014 WL 2526968, at *2 (N.D. Cal. June 4, 2014); *see also Olin Corp v. Continental Cas. Co.*, No. 2:10-cv-00623-GMN-RRJ, 2011 WL 1337407, at *2 (D. Nev. Apr. 6, 2011). This is generally because concerns justifying application of the rule, such as comity, efficiency, and uniformity, are nonexistent or greatly reduced in this scenario. *See, e.g. Rodriguez v. Taco Bell Corp.*,

No. C13-1498, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 13, 2013) ("The concerns justifying the application of the first-to-file rule, particularly those relating to federal comity, do not apply when both cases are pending before the same judge in the same court").

Although the Court is cognizant of the district court cases expressing disapproval of dismissing or staying a duplicative action pending before the same judge under the first-to-file rule, the Court has not discovered any binding Seventh Circuit case law that prevents the Court from taking such action. Instead, the Seventh Circuit has indicated that, in a putative class action setting, where the plaintiffs are not necessarily identical but are part of the same class pursuing an identical claim in the same court, "no mechanical rule governs the handling of overlapping cases." *See Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999).

Under these circumstances, where both cases purport to represent the same class, the Court finds that a stay, rather than dismissal, is appropriate. A court should consider the following factors in determining whether a later-filed case should be stayed: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *6 (N.D. Ill. Feb. 15, 2012) (quoting *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011)).

These factors weigh in favor of granting a stay in this case. The two cases include an identical claim on behalf of the same proposed class against the same defendants. The two cases also seek the same relief. In light of the substantial similarities between the two

cases, the Court finds that a stay of the *Guill* case would simplify the issues and streamline the trial. Invoking such a stay will avoid the inherent inefficiencies involved with duplicative litigation, will reduce the burden of litigation on the parties and the Court, and will not cause undue prejudice. Accordingly, the Court finds it appropriate to stay this case.[1]

## CONCLUSION

Having found substantial overlap between the instant case, *Hulett Guill, Jr. v. Alliance Resource Partners, L.P., et al.* (Case No. 16-cv-424-NJR-DGW), and *Carl Leeper v. Alliance Resource Partners, L.P., et al.* (Case No. 16-cv-250-NJR-DGW), and for reasons of sound judicial administration, the Court in its discretion *sua sponte* **STAYS** the above-captioned case. In light of the stay, Leeper's Motion to Intervene (Doc. 30) is **DENIED as moot**, and Defendants' Motion to Dismiss (Doc. 21) is **DENIED with leave to re-file at the appropriate time**.

IT IS SO ORDERED.

DATED:  March 27, 2017

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] Although, at this point in the proceedings, Leeper has not officially motioned the Court for a stay, this is of no consequence as the Court may stay a case under the first-to-file rule *sua sponte*. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 258 n. 1 (4th Cir. 2013) ("the court was free to raise the issue of the first-to-file rule *sua sponte*"); *see also Inforizons, Inc. v. VED Software Servs., Inc.*, 204 F.R.D. 116, 120 (N.D. Ill. 2001) (denying request for dismissal under first-to-file rule but staying proceedings on court's own motion); *see also Marks v. Mackey*, No. 6:14-CV-00441, 2014 WL 3530137, at *2 (W.D. La. July 15, 2014) ("The first-to-file rule may be raised by a district court *sua sponte*."); *see also Strukmyer, LLC v. Infinite Financial Solutions, Inc.*, No. 3:13-cv-3798-L, 2013 WL 6388563, at *6 (N.D. Tex. Dec. 5, 2013) ("even if Defendants had not filed their motion to transfer, the Court could raise the first-to-file rule *sua sponte*."). Additionally, the Court has had the added benefit of briefing from the parties on this issue, as the first-to-file rule was sufficiently addressed in the briefing relating to Leeper's Motion to Intervene.